**Billy Ray RILEY, Petitioner— Appellant,**

v.

**Frankie Sue DEL PAPA; et al., Respondents—Appellees.**

No. 03–17320.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided March 14, 2005.

Michael Pescetta, Esq., Las Vegas, NV, for Petitioner–Appellant.

David K. Neidert, Esq., Carson City, NV, for Respondents–Appellees.

Before: RYMER, HAWKINS, Circuit Judges, and BREWSTER,* District Judge.

* The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation.

MEMORANDUM **

Billy Ray Riley, a Nevada state prisoner, appeals the District of Nevada's denial of his 28 U.S.C. § 2254 petition for the writ of habeas corpus, challenging his conviction by the Eighth Judicial District Court in Clark County, Nevada, for battery with the use of a deadly weapon.

I

Riley wholly relies on the Nevada Supreme Court's rejection of the functional test in *Zgombic v. State,* 106 Nev. 571, 798 P.2d 548 (1990), to support his contention that he was prejudiced by failure of appellate counsel to raise the vagueness issue. In *Zgombic,* the Nevada Supreme Court rejected the application of the functional test to Nev.Rev.Stat. § 193.165's classification of a "deadly weapon," opting for the narrower "inherently dangerous weapon" test. However, Riley's reliance on *Zgombic* is unavailing. The decision in *Zgombic,* arguably unavailable to appellate counsel during briefing, did not challenge the use of the functional test to define "deadly weapon" as an element of a crime, as it was used in Riley's conviction under Nev. Rev.Stat. § 200.481. "We have no dispute with these cases which use the functional test to define a deadly weapon *when a deadly weapon is an element of a crime.* Indeed, that is the interpretation generally followed in Nevada." *Zgombic,* 106 Nev. at 574, 798 P.2d 548 (emphasis added). In light of these facts, the district court did not err in denying Riley's claim of ineffective assistance of counsel in failing to raise the unconstitutional vagueness of the dead-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ly weapon element of Riley's conviction for battery.

## II

We decline to grant a certificate of appealability on any of the uncertified issues that Riley briefed. Jurists of reason would not find the district court's rulings as to any of these issues debatable. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As to them, we lack jurisdiction.

AFFIRMED.